**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| SEBRINA ISOM | § |
| | § |
|     Plaintiff, | § |
| | § |
| vs. | §    C.A. No.: |
| | § |
| INTERNATIONAL BROTHERHOOD OF | § |
| TEAMSTERS, labor organization; and | § |
| TEAMSTERS LOCAL UNION 509, | § |
| | § |
|     Defendants**.** | § |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES, SEBRINA ISOM ("Plaintiff" or "Isom"), and files this, Original Complaint for Damages, complaining of INTERNATIONAL BROTHERHOOD OF TEAMSTERS and TEAMSTERS LOCAL UNION 509 ("Defendants" or "Teamsters"), and alleges as follows:

**I.
NATURE OF THE ACTION**

1. This action is brought to remedy claims of employment discrimination on the basis of gender and race pursuant to Title VII of the 1964 Civil Rights Act, The Equal Pay Act and various state law claims.

2. Plaintiff seeks actual and compensatory damages, punitive damages, and other appropriate legal and equitable relief.

## II.
## PARTIES

3.      Plaintiff Sebrina Isom is at all times relevant to this lawsuit been a resident of St. Helena, Beaufort County, South Carolina, within the jurisdiction of the District Court for the Columbia division. Plaintiff is an African-American female.

4.      Defendant International Brotherhood of Teamsters ("Teamsters") is a "labor organization" engaged in commerce within the meaning of 42 U.S.C. Sections 2000e(d) and (e) and a labor organization affecting commerce within the meaning of 29 U.S.C. Section 152(5).

5.      Defendant Teamsters Local Union 509 ("Local 509") is a "labor organization" engaged in commerce within the meaning of 42 U.S.C. Sections 2000e(d) and (e) and a labor organization affecting commerce within the meaning of 29 U.S.C. Section 152(5). Defendant Local 509 is affiliated with the Teamsters.

## III.
## JURISDICTION AND VENUE

6.      Plaintiff has been discriminated against because of her race and gender. Defendant's conduct is in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000(e), *et. seq* and the Equal Pay Act.  The jurisdiction of this Court is invoked by Plaintiff pursuant to 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over all other state claims as they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy pursuant to 28 USCS § 1367.

7.      Venue is proper in this district under 28 U.S.C. §1391 because the unlawful employment practice about which Plaintiff complains was committed in this district.

## IV.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") complaining of discrimination based on race, gender and disparate pay, which is attached as <u>Exhibit A</u>.

9. The EEOC issued a Right to Sue Letter to Isom, which is attached as <u>Exhibit B</u>.

10. Plaintiff files this Complaint within ninety (90) days after receipt of the Right to Sue Letter from the EEOC.

## V.
## FACTUAL ALLEGATIONS

11. Isom is an African-American female who was hired as a full-time Business Agent for Local 509 in May 2013 and maintained said position through the date of her termination on May 5, 2016.

12. Isom was terminated after complaining to her supervisor, LD Fletcher, of the discrepancy in pay she was receiving compared to that of other full-time Business Agents employed by Local 509; all of whom are male and predominately Caucasian.

13. The male full-time Business Agents were paid between $100,764.00 and $102,405.00 per year. In stark contrast, Isom was paid $59,250.00 per year for performing the exact same duties and as her similarly situated male counterparts.

14. At all times relevant to this action, Isom was qualified for her position, and was performing her position exceptionally well. Any explanation of Defendant for Isom's termination which is not based on discrimination based on her gender, race, and/or in retaliation is pretextual.

15. This is systematic, pervasive and willful discrimination against Isom.

## VI.
## CAUSES OF ACTION

### COUNT 1 – VIOLATION OF THE EQUAL PAY ACT OF 1963

16. The allegations contained in Paragraphs 1-15 are incorporated herein by reference, the same as fully set forth verbatim.

17. Isom brings this claim under the Equal Pay Act of 1963.

18. Isom is an employee within the meaning of the Equal Pay Act and belongs to a class protected under the statute, namely a natural person who was been discriminated against based on her gender.

19. Defendants are an employer within the meaning of the Equal Pay Act.

20. Defendants discriminated against Isom on the basis of her sex, namely, a female, without cause by refusing to pay Isom, equal amounts of salary and benefits that Defendants paid men who performed the same job that required equal skill, effort, and responsibility, and which were performed under similar working conditions.

21. Prior to filing this lawsuit, Isom complied with all the procedural prerequisites to the filing of a lawsuit under the Equal Pay Act. Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C §2000(e) *et. seq*., by filing a timely charge of employment discrimination with the EEOC.

22. On July 18, 2016, the EEOC, issued a Dismissal and Notice of Rights.

23. The specific facts to support this cause of action are alleged in Paragraphs 11-15 of this Complaint.

24. Isom has been repeatedly denied equal pay and benefits in violation of the Equal Pay Act for which violation Isom seeks relief under said statute.

### COUNT 2 – DISCRIMINATION UNDER TITLE VII BASED ON GENDER

25. The allegations contained in Paragraphs 1-24 are incorporated herein by reference,

the same as fully set forth verbatim.

26. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely, an African American female who was discriminated against on the basis of her gender.

27. Defendants are an employer within the meaning of Title VII.

28. Prior to filing this lawsuit, Plaintiff complied with all the procedural prerequisites to the filing of a lawsuit under Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C §2000(e) *et. seq.*, by filing a timely charge of employment discrimination with the EEOC.

29. On July 18, 2016, the EEOC, issued a Dismissal and Notice of Rights.

30. Defendant discriminated against Isom without cause based on her gender by paying Isom significantly less money than men who held the same position and did the same job. The specific facts to support this cause of action are alleged in Paragraphs 11-15 of this Complaint.

31. Furthermore, in discriminating against and retaliating against Isom without cause, based on her gender, Defendants conduct was intentional, in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §2000(e), *et. seq.*, for which violation Isom seeks relief under said statute.

### COUNT 3 – DISCRIMINATION UNDER TITLE VII BASED ON RACE

32. The allegations contained in Paragraphs 1-31 are incorporated herein by reference, the same as fully set forth verbatim.

33. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely, an African American who was discriminated against on the basis of her race.

34. Defendants are an employer within the meaning of Title VII.

35. Prior to filing this lawsuit, Plaintiff complied with all the procedural prerequisites to the filing of a lawsuit under Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C §2000(e) *et. seq.*, by filing a timely charge of employment discrimination with the EEOC.

36. On July 18, 2016, the EEOC, issued a Dismissal and Notice of Rights.

37. Throughout Isom's employment, Isom experienced racial discriminatory disparate treatment. Defendant discriminated against Isom without cause based on her race by paying Isom significantly less money than her white counterparts who held the same position and did the same job. Such conduct by Defendants toward Isom, as witnessed by other employees, constitute evidence of the discriminatory animus of Defendants. The specific facts to support this cause of action are alleged in Paragraphs 11-15 of this Complaint.

38. Furthermore, in discriminating against and retaliating against Isom without cause, based on her race, Defendants conduct was intentional, in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §2000(e), *et. seq.*, for which violation Isom seeks relief under said statute.

### COUNT 4 – DISPARATE PAY UNDER TITLE VII

39. The allegations contained in Paragraphs 1-38 are incorporated herein by reference, the same as fully set forth verbatim.

40. Isom is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely, a female who was discriminated against on the basis of her gender. Further, Isom belongs to a class protected under the statute, namely, an African American who was discriminated against on the basis of her race.

41. Defendants are an employer within the meaning of Title VII.

42. Prior to filing this lawsuit, Isom complied with all the procedural prerequisites to

the filing of a lawsuit under Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C §2000(e) *et. seq.*, by filing a timely charge of employment discrimination with the EEOC.

43. On July 18, 2016, the EEOC, issued a Dismissal and Notice of Rights.

44. Defendants discriminated against Plaintiff without cause based on her gender by paying Plaintiff significantly less money than men who held the same position and performed the same job. Disparity in pay continued from the time of her hiring until her termination with the Plaintiff receiving far less compensation than her male counterparts. Further, Defendants discriminated against Plaintiff without cause based on her race by paying Plaintiff significantly less money than her white counterparts who held the same position and performed the same job. Disparity in pay continued from the time of her hiring until her termination with the Plaintiff receiving far less compensation than her white counterparts. The specific facts to support this cause of action are alleged in Paragraphs 11-15 of this Complaint.

45. As a direct and proximate result of such discrimination, Plaintiff lost substantial income, Plaintiff's earning capacity has been diminished by the same and Plaintiff has sustained embarrassment, humiliation and mental anguish because of the repeated failure of Defendant to properly pay her and to discriminate against her in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §2000(e), *et. seq.*, for which violation Plaintiff seeks relief. Plaintiff is also entitled to an award of attorney's fees and costs.

### COUNT 5 – RETALIATION UNDER TITLE VII

46. The allegations contained in Paragraphs 1-45 are incorporated herein by reference, the same as fully set forth verbatim.

47. Isom brings this claim under Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000(e), *et. seq.*

48. Isom is an employee within the meaning of Title VII, 29 U.S.C. §§ 203(e) and belongs to a class protected under the statute, namely an African-American female who has been retaliated against.

49. Defendants are employers within the meaning of Title VII and 29 U.S.C. §203(d).

50. The specific facts to support this cause of action are alleged in Paragraphs 11-15 of this Complaint.

51. Defendants discriminated against Isom without cause based on her gender and/or race. When Isom complained to her supervisor, L.D. Flether, Defendants' retaliated against Isom by terminating her.    This was done with malice and foresight.  Any explanation of Defendants for Isom's termination which is not based on gender and/or race discrimination is pretextual.

52. In addition to utilizing the formal complaint process within the EEOC, Isom repeatedly complained and was repeatedly denied equal pay and benefits and suffered termination in retaliation for reporting said gender discrimination.

53. These retaliatory acts are in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000(e), *et. seq.*, for which violation Isom seeks relief under said statute.

### COUNT 6 – STATE LAW CLAIM FOR CONVERSION

54. The allegations contained in Paragraphs 1-53 are incorporated herein by reference, the same as fully set forth verbatim.

55. Isom brings this claim for conversion under South Carolina law as Defendants have assumed and exercised right of control over money, in the form of underpaid salary and benefits, that rightfully belongs to Isom to the exclusion of Isom's rights. The specific facts to support this cause of action are alleged in Paragraphs 11-15 of this Complaint.

56. Isom has been suffered damages due to Defendant's conversion of his money.

#### COUNT 7 – STATE LAW CLAIM FOR FRAUD AND DECEIT

57. The allegations contained in Paragraphs 1-56 are incorporated herein by reference, the same as fully set forth verbatim.

58. Isom brings this claim for fraud and deceit under South Carolina law.

59. Defendants made representations to Isom regarding the pay and benefits associated with her position. Defendants made those representations knowing they were material and false. Defendants intended that Isom would act upon those representations knowing at all times that Isom had the right and would rely on those representations without knowing their falsity. The specific facts to support this cause of action are alleged in Paragraphs 11-15 of this Complaint.

60. Defendant's actions and omissions were a consequence and proximate cause of Isom's injuries.

#### COUNT 8 – STATE LAW CLAIM FOR NEGLIGENT MISREPRESENTATION

61. The allegations contained in Paragraphs 1-60 are incorporated herein by reference, the same as fully set forth verbatim.

62. Plaintiff brings this claim for negligent misrepresentation under South Carolina law.

63. Defendants made false representations to Plaintiff regarding the pay and benefits associated with her position. Defendants had a pecuniary interest in making those false representations and owed a duty of care to Plaintiff to instead make truthful representations.

64. The Defendants breached that duty of good care by making the false representations which Isom justifiably relied on. The specific facts to support this cause of action are alleged in Paragraphs 11-15 of this Complaint.

65. Defendant's actions and omissions were a direct and proximate cause of Plaintiff's

pecuniary loss.

## VII.
## LIQUIDATED DAMAGES

66. Plaintiff requests an award of liquidated damages pursuant to 29 U.S.C. § 216(b) including without limitation, the payment of wages lost and an additional equal amount as liquidated damages for Defendant's violation of the Fair Pay Act and for such legal or equitable relief as may be appropriate.

## VIII.
## ATTORNEYS' FEES

67. Defendants' wrongful conduct has made it necessary for Isom to retain the undersigned attorneys to represent her in bringing and prosecuting this action, and, if necessary, for legal representation in appeal. Isom therefore seeks recovery of all reasonable attorneys' fees and costs pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and/or Title VII, 42 U.S.C. §2000e-5(k).

## IX.
## PRAYER

68. As a direct and proximate result of Defendant's unlawful and discriminatory actions, Isom has suffered injuries for which she seeks monetary compensation in the following non-exclusive areas:

   a. Judgment for past and future mental anguish, anxiety, emotional distress, humiliation, and injury to reputation;

   b. Judgment for actual damages in the amount of past and future back pay, loss of earnings and benefits, sick and/or annual leave and loss of earning capacity;

   c. In the alternative, liquidated damages for Defendants willful violation of Isom's federally-protected rights under the EPA;

   d. Punitive damages in an amount to be determined by the trier of fact;

e.  Pre-judgment and post-judgment interest at the maximum legal rate;

f.  Reasonable attorneys' fees under Title VII, 42 U.S.C. §2000e-5(k); and,

g.  All costs of court; and,

h.  All other relief to which Isom may be entitled.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury on any issue or issues that may be properly submitted to a jury.

Dated:  October 13, 2016.

        Respectfully submitted,

        THE CLARDY LAW FIRM, P.A.

        /s/ B. Allen Clardy, Jr.
        **B. Allen Clardy, Jr.**
        (Fed Bar No. 6515)
        **David W. Hartman**
        (Fed Bar No. 9274)

        1001 E. Washington St.
        Greenville, SC 29601
        (864) 233-8888
        (864) 233-8889 fax
        Allen@theclardylawfirm.com
        David@theclardylawfirm.com

        LAW OFFICE OF MATTHEW BOBO, PLLC.

        /s/ Matthew W. Bobo
        **Matthew W. Bobo**
        State Bar No. 24006860

        4916 Camp Bowie Blvd.
        Fort Worth, Texas 76107
        Telephone: (817) 529-0774
        Facsimile: (817) 698-9401
        mbobo@mwblawyer.com
        **ATTORNEYS FOR PLAINTIFF**